# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

MARCIE MCCONNELL,

    Plaintiff,

v.                                            Case No. 17-12869

NATIONWIDE INSURANCE COMPANY
BENEFITS ADMINISTRATIVE COMMITTEE,

    Defendant.
_____/

## OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR JUDGMENT, AND DENYING PLAINTIFF'S MOTION FOR JUDGMENT

This is an Employee Retirement Income Security Act (ERISA) case in which Plaintiff Marcie McConnell sought long-term disability benefits from Defendant. (Dkt. #1.) Plaintiff and Defendant each filed a Motion for Judgment (Dkt. #10, 19), which the court referred to Magistrate Judge Stafford (Dkt. #25). The Magistrate Judge issued a Report and Recommendation (R&R) recommending that Defendant's Motion for Judgment be granted, Plaintiff's Motion for Judgment be denied, and the decision of the ERISA plan administrator be affirmed. (Dkt. #27.) Plaintiff filed objections to the R&R (Dkt. #28), and Defendant filed a response (Dkt. #29.)

The court has reviewed the R&R and the parties' filings and concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, and in the R&R, the court will overrule Plaintiff's objections and adopt the R&R in its entirety without alteration.

## I. STANDARD

When a party files timely objections to an R&R, the court "make[s] a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–74 (1980). This process provides the court "the opportunity to consider the specific contentions of the parties," *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981), and "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). After re-examining the evidence relevant to these objections, the court determines whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

Plaintiff raises three objections to the R&R. (Dkt. #28.) The first two objections relate to the qualifications and opinion of the doctor who reviewed Plaintiff's records when she appealed Defendant's denial of continued long-term disability benefits. (*Id.*, PageID 907–12.) The third objection concerns the weight given to Defendant's conflict of interest in the Magistrate Judge's analysis. (*Id.*, PageID 912.) These objections will be addressed in turn.

### A. Plaintiff's First Objection

Plaintiff challenges the Magistrate Judge's finding that Dr. Trombly was qualified to decide Plaintiff's claim. Plaintiff argues that Dr. Trombly, as a neurosurgeon, lacked the "appropriate expertise in the medical field" required by the policy. (*Id.*, PageID 908.) Plaintiff asserts that the issue is "whether Dr. Trombly has appropriate expertise in the

2

medical field *in question*." (*Id.*) (emphasis added). As Defendant points out, however, this final phrase is not in the policy. (Dkt. #29, PageID 916.) It is only by adding this language that Plaintiff can argue that the policy necessitates the doctor's medical expertise be specific to her claim. The plain language of the statute does not support that interpretation. The Magistrate Judge properly rejected Plaintiff's argument because Plaintiff failed to allege any facts or law supporting the theory that Dr. Trombly was not qualified to assess Plaintiff's claim.

Plaintiff also includes in this objection other challenges to Dr. Trombly—that he lacked personal knowledge of Plaintiff's pain and that his determination did not align with other care providers' support for Plaintiff's claim. These allegations go to the credibility of Dr. Trombly's opinion, which is addressed in the second objection, and so will be considered in the next section.

Plaintiff's first objection is overruled because the Magistrate Judge correctly determined that Plaintiff "failed to show that Dr. Trombly individually, or that a neurosurgeon generally, would lack the expertise required to assess a claim based on injuries from a prior automobile collision." (Dkt. #27, PageID 894–95.)

### B. Plaintiff's Second Objection

Next Plaintiff objects to the Magistrate Judge's finding that Dr. Trombly's opinion was supported by a reasoned explanation. Plaintiff argues that there was substantial evidence from her medical providers supporting her complaints of back pain, which Dr. Trombly cannot refute because he never examined Plaintiff. (Dkt. #28, PageID 909.) Plaintiff further contends that Dr. Trombly's opinion inappropriately weighs Dr. Abrahamson's notes and does not align with Dr. Rea's opinion. (*Id.*, PageID 910–12.)

3

The "arbitrary and capricious" standard, which the parties stipulated applies, requires the court to "uphold the administrator's decision 'if it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence.'" *Corey v. Sedgwick Claims Mgmt. Servs., Inc.*, 858 F.3d 1024, 1027 (6th Cir. 2017) (quoting *Glenn v. MetLife*, 461 F.3d 660, 666 (6th Cir. 2006)). If the above condition is met, the fact that there is also evidence against the administrator's decision is not determinative. The Magistrate Judge correctly applied this deferential standard by outlining the evidence and reasoning supporting Dr. Trombly's decision. It appears that Plaintiff's medical reports contained mixed opinions, some supporting a finding of long-term disability and some opposing it. The record contains no evidence that Dr. Trombly "arbitrarily refuse[d] to credit . . . reliable evidence" provided by other physicians. (Dkt. #28, PageID 912.)

The Magistrate Judge properly determined that Defendant's decision to deny Plaintiff continued benefits was not arbitrary and capricious and so the court will overrule Plaintiff's second objection.

**C. Plaintiff's Third Objection**

Plaintiff's final objection is that Defendant's conflict of interest should have tipped the case in Plaintiff's favor. The Magistrate Judge identified the conflict of interest—that Defendant "both determines employee eligibility and pays any awarded benefits"—and considered this factor in the analysis. (Dkt. #27, PageID 892.) Moreover, Plaintiff admits that this argument is contingent on the success of her previous objections. (Dkt. #28, PageID 912.) As the court finds Plaintiff's earlier objections are without merit, there is no

basis for finding that the conflict of interest "should have tipped the case in her favor." (*Id.*) This objection, too, will be overruled.

## III. CONCLUSION

For the reasons stated above, the court will overrule Plaintiff's objections and adopt the Magistrate Judge's R&R in full and without amendment. Accordingly,

IT IS ORDERED that Plaintiff's objections (Dkt. #28) are OVERRULED, and the Magistrate Judge's September 10, 2018 Report and Recommendation (Dkt. #27) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Plaintiff's Motion for Judgment (Dkt. #10) is DENIED, and Defendant's Motion for Judgment (Dkt. #19) is GRANTED.

                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: November 13, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 13, 2018, by electronic and/or ordinary mail.

                                        s/Lisa G. Wagner
                                        Case Manager and Deputy Clerk
                                        (810)292-6522

S:\Cleland\Cleland\KMM\CIVIL\17-12869.MCCONNELL.AdoptR&R.docx